FRANK A. HUDSON, APPELLANT, v. CITY OF ATLANTIC CITY, RESPONDENT.

Submitted May 28, 1926—Decided October 18, 1926.

1. The suit was brought to recover damages for the breach of a contract against a municipal corporation. The suit was based upon a resolution providing for the leasing of municipal property. The resolution was rescinded before the lease was signed. *Held,* a judgment of nonsuit was not error.

2. The rule that a contract does not become complete and binding
until reduced to writing and signed, if it appears that such was
the intention of the parties, is especially applicable to a case,
when one of the parties is a municipal corporation dealing with
municipal property—in this case a lease.

On appeal from the Supreme Court.

For the appellant, *Cole & Cole.*

For the defendant, *W. Frank Sooy* and *Joseph B. Perskie.*

The opinion of the court was delivered by

BLACK, J.   The complaint in this case charges a breach
of contract and seeks to recover damages therefor.   The
case was tried at the Atlantic Circuit before Judge Schimpf
and a jury, resulting in a nonsuit on the plaintiff's opening.
The opening included a statement by counsel—that, he "ex-
pected to prove what is in the complaint;" the trial court
then said, "all you depend upon is not an actual lease or
agreement with the city, but a resolution that the city adopted
authorizing the leasing of the property to Mr. Hudson.   Mr.
Cole—'Sure.' "   The complaint sets out a resolution adopted
by the city commissioners, on the 8th of January, 1925, pro-
viding for the leasing of property known as "Rendezvous
Park," including the buildings thereon to the plaintiff, for
a period from February 1st, 1925, to October 1st, 1925, at a
rental of fifteen thousand dollars ($15,000), the lease to be
approved by the city solicitor; thereafter, on January 22d,
1925, a further resolution was passed rescinding the resolution
adopted on the 8th of January, 1925.   The city then executed
a lease for the same premises to another for the same period
and under like terms named in the lease to the plaintiff, for
the sum of forty thousand dollars ($40,000).   The complaint
further alleged, by reason of the refusal of the city to give
the plaintiff possession of the leased premises and execute a
lease to him, he has been damaged twenty-five thousaid dol-
lars ($25,000), being the difference between the rental stipu-

lated for in the lease proposed and the lease executed. Mr. Cole further stated in the opening, that the lease was prepared by the city solicitor and it was submitted to Mr. Hudson or his attorney, I am not sure which, possibly both, and the five-thousand-dollar ($5,000) payment tendered.

The trial judge based his ruling upon the cases of *Water Commissioners of Jersey City* v. *Brown,* 32 *N. J. L.* 504; *Donnelly* v. *Currie Hardware Co.,* 66 *Id.* 388. Counsel for the appellant brushes aside these cases, as not being in point, citing *Trenton, &c., Traction Co.* v. *City of Trenton,* 90 *Id.* 378; *affirmed,* 91 *Id.* 719; *McCulloch* v. *Lake, &c., Co.,* 91 *Id.* 381; in which those cases are differentiated from the case then under discussion by Mr. Justice Swayze, citing with approval and following *Wharton* v. *Stoutenburgh,* 35 *N. J. Eq.* 266, that case holds that a final agreement had been reached, without the signing of a lease contemplated, although the parties intended that a lease embodying the agreement should be executed. That was a case for the specific performance of a contract to accept a mining lease, the lessee took possession of the property, and then refused to execute a lease. The test in all these cases is whether a contract has been made? Whether the bargain is complete? In determining that question, there must be a substantial difference in judging the actions of individuals and that of municipal corporations, as was pointed out, by Mr. Justice Elmer, speaking for this court, in the case of *Water Commissioners of Jersey City* v. *Brown, supra;* when he said even in a case between private individuals, where no writing is required, if it appears, that the parties, although they have agreed on all the terms of their contract, mean to have them reduced to writing, and signed, before the bargain shall be considered as complete, neither party will be bound until that is done, so long as the contract remains without any acts done under it on either side. The propriety of this rule is still more apparent in a case where one of the parties is acting in a public capacity, and their acts are made binding upon a municipal corporation. We think the case of *Water Commissioners of Jersey City* v. *Brown, supra,* is in point and con-

trolling. The cases cited should be read in connection with the facts of each case and when so read they can be made to harmonize. The commissioners representing the defendant are trustees for the public property, they cannot deal with it like an individual. They must or should obtain, like all other trustees, the highest and best possible price. Many safeguards are thrown around their action by the statute to prevent ill-advised or hasty action, such as public advertisement for bids and the like. The court should scrutinize their action, when dealing with the public property and hesitate to say, that a bargain had been completed in law, unless, it appears to the court, that such has been an accomplished fact and nothing left in treaty. It is argued by the city that the clause in the resolution providing for a payment of five thousand dollars ($5,000) "on the signing of the lease" is significant to indicate, that the bargain was not complete, until the lease had been actually signed. We conclude, therefore, that the bargain between the parties had not been consummated. The judgment of nonsuit was not error. On the power of the court to grant a nonsuit on the opening of counsel, the cases are collected in 26 *R. C. L.* 1071, § 77. The judgment of the Supreme Court is therefore affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 15.

*For reversal*—None.